KAREN L. LOEFFLER
United States Attorney

AUDREY J. RENSCHEN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: audrey.renschen@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANDREY MAXIMOVICH FOMIN<br><br>　　　　Defendant. | No. 3:16-mj-00318-DMS<br><br>**UNOPPOSED ORDER FOR DISMISSAL**<br><br>**FILED ON SHORTENED TIME** |

The United States, by and through, Karen L. Loeffler, United States Attorney for the District of Alaska, and pursuant to Fed. R. Crim P. 48(a), with leave of Court endorsed hereon, hereby dismisses without prejudice the charges as set forth in the Criminal Complaint in the above captioned action against ANDREY MAXIMOVICH FOMIN. His attorney, Jamie McGrady, advised on November 14, 2016, that Fomin does not oppose this dismissal.

**Dismissal under Fed. R. Crim P. 48(a) Is Appropriate and Legally Supported**

Under Fed. R. Crim P. 48(a), "the government may, with leave of court, dismiss an indictment, information, or complaint." While the judiciary has been authorized to supervise the prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution. The Executive remains the absolute judge of whether a prosecution should be initiated and first and presumptively the best judge of whether a pending prosecution should be terminated. *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Circuit, 1988)(citations omitted).

"If the district court finds that the prosecutor is acting in good faith in making its Rule 48(a) motion, it should grant the motion; conversely, Rule 48(a) empowers the district court to exercise its discretion in denying the motion when it specifically determines that the government is operating in bad faith." *Id*.

Here, the government has acted, and continues to do so, first and foremost to protect the public and facilitate the safe return of the child victim to the United States. The government's dismissal is made in light of a plea agreement between the parties requiring first, that Fomin remove and discontinue all impediments to the child's departure from Russia, and second, that the child be safely returned to the United States. The agreement further provides that when those conditions have each been met, the government would dismiss the Federal complaint without prejudice, and the State of Alaska's prosecution of Custodial Interference would proceed with Fomin pleading guilty as previously negotiated.

U.S. v. Fomin
3:16-mj-00318-DMS          Page **2** of **3**
Case 3:16-mj-00318-DMS   Document 34   Filed 11/16/16   Page 2 of 3

The government believes that protection of the public is being accomplished in a way and manner that does no further harm to the victims in this case. The victims have been notified of this dismissal without prejudice, and are in agreement.

RESPECTFULLY SUBMITTED this 16th day of November, 2016, in Anchorage, Alaska.

                                          KAREN L. LOEFFLER
                                          United States Attorney

                                          s/Audrey J. Renschen
                                          AUDREY J. RENSCHEN
                                          Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2016,
a copy of the foregoing was served
electronically on:

Jamie McGrady

s/ Audrey J. Renschen
Office of the U.S. Attorney

**IT IS SO ORDERED.**

Leave of Court is granted for the foregoing dismissal without prejudice. The complaint in 3:16-mj-00318-DMS is hereby dismissed without prejudice.

Dated: _____      _____
                                            DEBORAH M. SMITH,
                                            United States Magistrate Judge

U.S. v. Fomin
3:16-mj-00318-DMS                        Page **3** of **3**
Case 3:16-mj-00318-DMS   Document 34   Filed 11/16/16   Page 3 of 3